1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE MELKONIAN, | CASE NO. 06cv2081 BTM(BLM) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| v. | |
| U.S. GOVERNMENT AND JO ANNE B. BARNHART, | |
| Defendants. | |

Defendants have filed a motion to dismiss Plaintiff's First Amended Complaint.  For the reasons discussed below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  FACTUAL BACKGROUND

Plaintiff alleges that she has been disabled since her birth on May 28, 1986, due to a heart defect.  The Social Security Administration ("SSA") granted Supplemental Security Income ("SSI") benefits to Plaintiff on May 31, 1989, with an onset date of May 28, 1986.

In 1998, the SSA notified Plaintiff that pursuant to 20 C.F.R. § 416.994a(a), her case would be reviewed to determine whether she continued to be under a "disability," as defined by the Social Security Act.  When Plaintiff failed to appear for a pediatric consultative examination scheduled by the SSA, the SSA determined that there was insufficient evidence

1  to establish continuing disability.  Plaintiff's benefits were terminated on September 1, 2003.

2       Plaintiff's eighteenth birthday was on May 26, 2004.  Administrative Law Judge

3  Edward Steinman held a hearing on February 1, 2005, to determine whether the cessation

4  of Plaintiff's SSI benefits was proper, and whether Plaintiff was disabled as of her eighteenth

5  birthday.  The ALJ found that Plaintiff's heart condition no long met or equaled any listed

6  impairment and that her eligibility for childhood SSI benefits ceased in May, 2000.  In a

7  separate decision, the ALJ also found that Plaintiff was not disabled as of her eighteenth

8  birthday because she retained the residual functional capacity to perform a variety of jobs

9  in the national economy.

10       Plaintiff sought review of the ALJ's decisions.  However, in a decision dated May 25,

11  2006, the Appeals Council denied Plaintiff's request for review.

12       Plaintiff commenced this action on September 25, 2006.

13

14  ## II. <u>DISCUSSION</u>

15       In her First Amended Complaint, Plaintiff alleges that SSA officials improperly denied

16  her "disability/SSI benefits" and "healthcare insurance benefits."  Plaintiff also alleges

17  violations of her constitutional and civil rights in connection with the denial of her benefits.

18  Plaintiff seeks relief including (1) interim mandamus relief for all DIB/SSI benefit claims; (2)

19  injunctive, declaratory, and mandamus relief for the payment of $3,000,000, representing

20  "the exact sum certain of private sector insurance policies with coverage of $1,000,000 per

21  each person and per each occurrence"; and (3) reimbursement to Plaintiff for all

22  medical/surgical costs and expenses rendered over the past nineteen years in the amount

23  of $3,500,000 or more.

24       Plaintiff's exclusive remedy for challenging the SSA's denial of her SSI benefits and

25  cessation of her SSI benefits is the review procedure set forth in 42 U.S.C. § 405(g).  "No

26  findings of fact or decision of the Commissioner of Social Security shall be reviewed by any

27  person, tribunal, or governmental agency except as herein provided."  42 U.S.C. § 405(h).

28       The Court lacks jurisdiction to grant *mandamus* relief with respect to Plaintiff's claim

06cv2081 BTM(BLM)

1   for SSI benefits.  As explained in <u>Hironymous v. Bowen</u>, 800 F.2d 888 (9th Cir. 1986), where

2   a plaintiff seeks substantive review of a decision of the Secretary, jurisdiction under the

3   Mandamus Act is unavailable unless the plaintiff has exhausted his or her remedies under

4   section 405(g).  Plaintiff has not exhausted her remedies under section 405(g).  Construing

5   Plaintiff's Complaint liberally, Plaintiff currently seeks judicial review of the SSA's final

6   decision.[1]  Therefore, Plaintiff is still pursuing her remedies under section 405(g).

7       Plaintiff seeks damages and other relief based on the theory that Defendants acted

8   tortiously or in violation of the constitution by denying her benefits.  However, section 405(h)

9   provides: "No action against the United States, the Commissioner of Social Security, or any

10  officer of employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover

11  on any claim arising under this subchapter."  Plaintiff's claims for damages and other relief

12  require the Court to adjudicate whether Plaintiff is indeed disabled or continued to be

13  disabled.  Therefore, Plaintiff's claims "arise under" the Social Security Act and are barred

14  by section 405(h).  <u>See</u> <u>Hooker v. United States Dep't of Health and Human Services</u>, 858

15  F.2d 525 (9th Cir. 1988);  <u>Marin v. HEW, Health Care Financing</u>, 769 F.2d 590, 592 (1985)

16  (explaining that allowing lawsuits under the FTCA "for greater damages than the statute

17  provides would render meaningless the jurisdiction restriction of § 405(h).").

18      Furthermore, a plaintiff may not maintain a <u>Bivens</u>[2] action for officials' unconstitutional

19  conduct resulting in the wrongful denial of benefits.  <u>Schweiker v. Chilicky</u>, 487 U.S. 412

20  (1988).  The Court lacks jurisdiction to entertain claims that Plaintiff's due process or other

21  constitutional rights were violated in connection with the denial of benefits.  <u>Hooker</u>, 858 F.2d

22  at 530.

23      Plaintiff also seeks relief in connection with insurance benefits she believes she is

24  owed under insurance policies issued by "private sector insurers."  Plaintiff believes that the

25

26      [1]  Plaintiff's Complaint does not specifically ask for judicial review under section
    405(g).  However, the Complaint cites the statute and alleges that the SSA's denial of
27  benefits was not supported by substantial evidence.  In addition, on the Civil Cover Sheet,
    Plaintiff indicated that she was filing suit under section 405(g) and described the cause of
28  action as "SHH and Appeals Council denial of DIB/SSI and health care benefits."

        [2] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

1   Ninth Circuit issued a "fully favorable mandamus order" on February 9, 1998 with respect to

2   the insurance policies.  However, the order, which is attached to the First Amended

3   Complaint, did not grant any relief to Plaintiff.[3]  The order states that the court sua sponte

4   dismisses the appeal for lack of jurisdiction and that "[t]he mandate shall be issue in due

5   course."  It appears that Plaintiff misunderstood the meaning of the word "mandate."  A

6   mandate is not a mandamus order, but, rather, is a method of communicating the judgment

7   of the appeals court to the district court.  The mandate consists of "a certified copy of the

8   judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R. App.

9   P. 41(a).

10  At any rate, Plaintiff does not provide any legal basis for holding the Commissioner

11  or the United States responsible for any benefits owed under the insurance policies.  The

12  Court fails to see the relevance of the insurance policies to the determination of Plaintiff's

13  entitlement to SSI benefits.

14  In sum, the Court grants Defendants' motion to dismiss as to all of Plaintiff's claims

15  except her claim for judicial review of the Commissioner's final decision under 42 U.S.C. §

16  405(g).

17

18  **III.  CONCLUSION**

19  For the reasons discussed above, Defendants' motion to dismiss is **GRANTED IN**

20  **PART** and **DENIED IN PART**.  Defendants' motion is **DENIED** without prejudice as to

21  Plaintiff's claim under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final

22  decision affirming the cessation of SSI benefits (before the age of eighteen) and denying SSI

23  benefits (as of Plaintiff's eighteenth birthday).  Defendants' motion is **GRANTED** as to the

24  remainder of Plaintiff's claims in the First Amended Complaint.  Defendants shall respond

25  _____

26  [3] The order was entered in Case No. 97-56176, an appeal from Melkonian v. Truck

27  Insurance Exchange, 97cv1410 BTM, a case that was previously before this Court.  In that
    case, Plaintiff and her parents sued insurance companies, state agencies, and health care
    providers.  Plaintiffs alleged that they were defrauded of benefits under a number of

28  insurance policies and that they suffered damages as a result of medical malpractice.  This
    action was dismissed.

4

1   to the complaint for § 405(g) review of denial of benefits within 30 days of the entry of this

2   order.  The administrative record shall be filed within 60 days of the filing of an answer.

3

4   **IT IS SO ORDERED.**

5

DATED:  June 11, 2007

6

7                                                   Hon. Barry Ted Moskowitz
                                                    United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2081 BTM(BLM)