# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE MELKONIAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br><br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. 06CV2081 JLS (BLM)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. Nos. 35, 57, & 64) |

**BACKGROUND**

Constance Melkonian ("plaintiff") was found disabled as of May 28, 1986, her date of birth, and received supplemental security income ("SSI") benefits during her childhood for Tetralogy of Fallot with pulmonary atresia, a cardiac condition. Plaintiff had corrective surgery for the Tetralogy of Fallot in May 1989. Plaintiff was also diagnosed with scoliosis of the spine in 1992, and successfully underwent a spinal fusion in May 1997.

In the present action, plaintiff seeks declaratory, injunctive, and mandamus relief arising from the Social Security Administration's ("SSA") termination of the SSI benefits on September 1, 2003. Plaintiff objected to the SSA's decision and brought her case before an Administrative Law Judge ("ALJ"). On June 18, 2005, the ALJ issued companion opinions—the first concluding

that plaintiff lost eligibility for SSI benefits on May 1, 2000,[1] and the second concluding that plaintiff was ineligible for adult benefits. Plaintiff obtained review through the Appeals Council, which considered new evidence submitted by plaintiff and affirmed the ALJ's decision on May 25, 2006.

Plaintiff then initiated the present action in the Southern District of California on September 25, 2006 and amended the complaint on October 30, 2006. (Doc. No. 1.) The action was originally assigned to the Hon. Barry T. Moskowitz.[2] Judge Moskowitz granted the Commissioner of Social Security's ("Commissioner") motion to dismiss all causes of action in the First Amended Complaint, except the claim for judicial review of the Commissioner's decision ceasing childhood benefits and denying adult benefits, pursuant to 42 U.S.C. § 405(g). (Doc. No. 22.) Plaintiff appealed Judge Moskowitz's Order to the Ninth Circuit Court of Appeals on August 6, 2007 (Doc. No. 33), and, while the appeal was pending, plaintiff filed her motion for summary judgment (Doc. No. 35). After the Ninth Circuit dismissed the appeal for lack of jurisdiction (Doc. No. 48), the Commissioner filed a cross-motion for summary judgment on February 1, 2008 (Doc. No. 57).

On July 25, 2008, Magistrate Judge Barbara Lynn Major issued a Report and Recommendation ("R&R") that this Court grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. (Doc. No. 64.) The R&R concluded the ALJ based his decision on substantial evidence, which was consistent with evidence that plaintiff submitted from the period following the administrative hearing. The R&R further rejected plaintiff's contention that the SSA "lied" about plaintiff's failure to appear for a medical consultation in 1998, reasoning that, <u>inter alia</u>, the issue was moot because the SSA subsequently allowed plaintiff to file for reconsideration and extended plaintiff's benefits until 2003.

Plaintiff filed her objections to the R&R on September 15, 2008. (Doc. No. 68.) The

---

[1] Despite the ALJ's ultimate determination of ineligibility during the May 2000—September 2003 period, plaintiff actually received benefits in that period, based on the SSA's granting a request for reconsideration by plaintiff's parents after a prior termination of benefits in 1999.

[2] The case was reassigned to the Hon. Janis L. Sammartino on September 27, 2007. (Doc. No. 40.)

1  Commissioner replied to the objections on October 6, 2008 and urged the Court to adopt the R&R.
2  (Doc. No. 69.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Report to which either side objects, but no others. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Unsuccessful applicants for SSI benefits may seek judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The ALJ's decision to deny benefits will only be disturbed if it is not based on "substantial evidence or if it is based on legal error." Magallanes v. Brown, 881 F.2d 747, 750 (9th Cir. 1989). The substantial evidence inquiry is solely whether the record, read as a whole, contains such evidence as would allow a reasonable mind to accept the ALJ's conclusions. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982); see also Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) ("substantial evidence is more than a mere scintilla, but may be less than a preponderance"). If the evidence supports more than one interpretation, the Court must uphold the ALJ's decision. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). The ALJ is entitled to draw inferences logically flowing from the evidence. Sample, 694 F.2d at 642. The Court may reverse the ALJ's decision and direct the Commissioner to award benefits, without remanding for additional evidence and findings, only

> if the record has been fully developed and further administrative proceedings would serve no useful purpose. Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002) (internal citations omitted).

## DISCUSSION

Plaintiff has filed sixty-two (62) pages of objections. In large part, these objections consist of issues the Court cannot reach here. Plaintiff argues extensively in support of her federal constitutional claims (see Objections, at 43-47, 49-52) and her entitlement to monetary damages for the cost of her various surgeries (see id., at 13, 37, 58-60), even though Judge Moskowitz already dismissed those claims and the Ninth Circuit denied plaintiff's appeal for lack of

jurisdiction. Plaintiff also asks the Court to weigh the evidence differently from the ALJ, but Ninth Circuit precedent requires this Court to affirm the ALJ's decision in the face of any conflicting evidence. See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (citing, inter alia, Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). Finally, plaintiff repeatedly insists the Court award disability benefits without remanding the case to the SSA (see Objections, at 4, 35, 39), but such a conclusion would require the Court to find that "further administrative proceedings would serve no useful purpose." McCartey, 298 F.3d at 1076. In fact, the Ninth Circuit has subsequently explained that McCartey allows the Court to remand to the ALJ to make credibility determinations regarding evidence that conflicts with the ALJ's conclusion. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The Court declines to exclude categorically the possibility of remand.

Many of plaintiff's objections also mirror the same arguments she has made throughout this litigation. The R&R responded to these arguments with thorough, careful analysis. The R&R reviewed the "substantial evidence" in support of the ALJ's findings that plaintiff's childhood SSI benefits were properly terminated, and that plaintiff was ineligible for adult SSI benefits. The R&R further reasoned that the ALJ's decision was not based on the purported "lies" of Mary Murillo, the SSA officer who conducted a hearing on plaintiff's request for reconsideration of cessation of benefits back in 2000. Finally, the R&R addressed the evidence plaintiff presented after her hearing before the ALJ, and explained why that evidence did not entitle plaintiff to eligibility for SSI benefits. The Court has reviewed the R&R's analysis de novo and concludes that "substantial evidence" supported the ALJ's decision to deny SSI benefits. If the Court were to respond to each of petitioner's individual objections, the Court would simply repeat Magistrate Judge Major's written analysis. That analysis soundly comports with the legal standard that directs the Court to uphold the ALJ's decision when and if the evidence supports more than one interpretation.

For the sake of completeness, however, the Court will specifically address certain issues related to the evidence plaintiff submitted for the first time in 2006. Plaintiff's objections claim that she should be found disabled because she had an aneurysm of her aortic root which, if

1 ruptured, "would be a sudden and likely fatal event." (Exhibits to Objections, at 140 (April 6, 2006 Outpatient Consultation by Mark Plunkett, M.D.).) Because the aneurysm was expected to result in death and is a listed impairment in the <u>Disability Evaluation Under Social Security Blue Book</u>, plaintiff argues for "an irrefutable presumption of disability . . . without any specific finding as to Plaintiff's ability to perform her past work or any other jobs, and irrespective as to any other available functioning capacity[.]" (Objections, at 33; <u>see</u> 20 C.F.R. pt. 404, subpt. P, App. 1 § 4.10.) Plaintiff also refers to an attack of arrhythmia that she had on July 21, 2006, during her recuperation from surgery to repair the aneurysm. <u>Id.</u> § 4.10. The ALJ's ruling found "the objective medical evidence" did not establish an aortal aneurysm or recurrent arrhythmia (<u>see</u> Administrative Record ("AR"), at 105), but the ALJ's decision was rendered in 2005. The Appeals Council acknowledged the aortal aneurysm but still concluded that plaintiff was not disabled. The R&R implies at several points that the Appeals Council considered all the 2006 evidence plaintiff submitted from her treating physicians, Dr. Plunkett and Dr. Gregory Child. (<u>See</u> R&R, at 20:11-13, & 23:6-8.) However, the Appeals Council's decision is dated May 25, 2006 (AR, at 80), and some of plaintiff's new evidence was dated July 2006. The Court feels compelled to address the implications of the July 2006 evidence on the conclusion reached by the Appeals Council.

The disability analysis involves a "five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(4). The order of the steps is important because "if [the SSA] can find that [claimants] are disabled or not disabled at a step, [the SSA] make[s] [its] determination or decision and [does] not go on to the next step." <u>Id.</u> All parties agree that plaintiff was not disabled under the first step because she was not "doing substantial gainful activity." <u>Id.</u> § 416.920(a)(4)(i). The second step "considers the medical severity of [the claimant's] impairment(s)" and finds the claimant not disabled where the claimant "do[es] not have a severe medically determinable physical or mental impairment".[3] <u>Id.</u> § 416.920(a)(4)(ii). A claimant's impairment, or combination of impairments, is not severe unless it "significantly limits [the claimant's] physical or mental ability to do basic

---

[3] The severe impairment must also meet a "duration requirement," which requires that the impairment have lasted for a continuous twelve months, be expected to last that amount of time, or be expected to result in death. 20 C.F.R. § 416.909.

work activities". Id. § 416.920(c); accord 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1521. Here, the Appeals Council, considering the new evidence plaintiff submitted following the hearing before the ALJ, concluded that plaintiff was precluded from performing "heavy exertional work functions" and enumerated three severe impairments: Tetralogy of Fallot, scoliosis, and aneurysmal dilation of the aortic root. (AR, at 78-79.) The third step considers whether the claimant's severe impairments "meet[] or equal[]" a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). Although the SSA automatically finds the claimant disabled when the claimant's impairment meets or equals a listed impairment, id. § 416.920(d), the Appeals Council here found that plaintiff's impairments did not meet or equal the listed impairments, reasoning that plaintiff's impairments had improved (in part, because of the surgeries plaintiff had undergone). (AR, at 78-79.)

The analysis then continues to the fourth and fifth steps, which both require an assessment of the claimant's "residual functional capacity." 20 C.F.R. § 410.920(a)(4)(iv)-(v). The residual functional capacity is the most work a claimant can do, in spite of the limitations from the impairment. Id. § 416.945(a)(1). The Appeals Council concluded that plaintiff had the residual functional capacity for medium work. Here, plaintiff has no past relevant work, so the fourth step (whether the claimant can still do her past relevant work) is essentially moot. See id. § 416.920(a)(4)(iv). The fifth and final step requires consideration of the residual functional capacity along with the claimant's age, education, and work experience. Id. § 416.920(a)(4)(v). Explicitly considering all these relevant factors, the Appeals Council concluded that plaintiff was not disabled. (AR, at 78.)

The Court finds that "substantial evidence" supported the Appeals Council's conclusion that plaintiff's dilated aortic root did not meet the listed impairment of "Aneurysm of aorta or major branches". See 20 C.F.R. pt. 404, subpt. P, App. 1 § 4.10. The Appeals Council referred to Dr. Plunkett's notes from the March 17, 2006 consultation with plaintiff, in which Dr. Plunkett stated that rupture of the aortic root could be a fatal event. Nonetheless, in support of the Appeals Council's conclusion, the notes from the March 2006 consultation confirmed that plaintiff was experiencing no detectable symptoms of cardiac problems. The recommendation for surgery was

based solely on the findings of a CT scan that plaintiff had undergone in December 2005. Furthermore, Dr. Plunkett and plaintiff mutually agreed to postpone the surgery in July 2006 so that plaintiff could complete her semester of studies. Although the Appeals Council did not have a chance to review the July 2006 post-operative report, that report actually supports the Appeals Council's decision to deny benefits, because the report indicates that plaintiff obtained the needed surgery to address her aortic root dilation. The "Cardiovascular System" section of Appendix 1 to subpart P explicitly contemplates delaying a finding of an impairment where the claimant "recently had a corrective cardiac procedure." Id. § 4.00(B)(4)(a)(ii). The July 21, 2006 echocardiogram report confirms the success of the surgery, as plaintiff's aortic valve appeared "normal". (AR, at 32.) Because plaintiff disputes only the classification of her aortal aneurysm, and does not allege error in the determination of her residual functional capacity, the Court finds substantial evidence to support the conclusion that plaintiff was not disabled on the basis of her aortal aneurysm.

Although the Appeals Council's decision does not mention the arrhythmic episode that took place during plaintiff's recuperation from surgery, the Court has reviewed the R&R's analysis de novo and finds it correct. To qualify as a listed impairment, arrhythmia must be "recurrent," which the regulations define as occurring at least three times in a twelve-month period. See 20 C.F.R. pt. 404, subpt. P, App. 1 §§ 4.00(A)(3)(c), 4.05. While the arrhythmic episode understandably caused great consternation to plaintiff in the aftermath of her surgery, nothing in the record establishes that she had such episodes with the frequency required to meet the standard of a listed impairment. The R&R cites relevant portions in the record to support its conclusion that plaintiff's July 2006 arrhythmic episode was plaintiff's second documented episode in nine years.

//
//
//
//
//
//

**CONCLUSION**

For the reasons stated herein, the Court **ADOPTS** Magistrate Judge Major's Report and Recommendation. The Court **GRANTS** defendant's motion for summary judgment and **DENIES** plaintiff's motion for summary judgment. Because Judge Moskowitz previously dismissed plaintiff's other causes of action, this Order **CONCLUDES** the litigation in this case. The Clerk **SHALL CLOSE** the file.

IT IS SO ORDERED.

DATED: April 21, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge